UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **BRANDON QUERY ET AL** | **CASE NO. 2:23-CV-01151** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **USA ET AL** | **MAGISTRATE JUDGE LEBLANC** |

### MEMORANDUM ORDER

Before the court are a Motion to Strike and Motion to Deem Admitted [doc. 62] filed by plaintiffs, in relation to the government's respective Answers [docs. 9, 47] to plaintiffs' Original and Amended Complaints [docs. 1, 44]. The government opposes the motion. Doc. 67.

### I.
### BACKGROUND

This suit arises from alleged medical malpractice by Dr. Daniel Beck and Midwife Brooke Cox at Bayne Jones Army Community Hospital ("BJACH") on Fort Polk, Louisiana, resulting in significant injuries to Jenna Query during the delivery of her son, Carson, on July 9, 2022, and Carson's tragic death one month later. Doc. 1. Mrs. Query and her husband, Brandon, filed suit in this court individually and on Carson's behalf under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, on August 24, 2023, naming Dr. Beck, Ms. Cox, BJACH, and the United States as defendants. *Id.*

In Paragraph Seventeen of the Original Complaint, plaintiffs alleged:

> Petitioners specifically allege vicarious liability and *respondeat superior*. At the time of the allegations outlined in this Complaint, Dr. Beck

and Brooke Cox and other employees were acting within the course and scope of their employment with BJACH.

*Id.* at ¶ 17. The government then admitted in its answer:

The allegations of Paragraph Seventeen (17) of Plaintiffs' Complaint are denied, except that Defendant admits that Dr. Beck, Brooke Cox, and the other employees of Bayne-Jones Army Community Hospital were on all dates and times alleged in Plaintiff's Complaint acting within the course and scope of their employment.

Doc. 9, ¶ 17. The government also objected to the naming of individual defendants, including Ms. Cox and Dr. Beck, because "[t]he Plaintiffs' exclusive remedy for alleged tortious acts committed by a federal agency and its government employees, acting within the course and scope of their employment, is a suit against the United States" and reserved its right "to file such actions necessary and proper to dismiss" the individual defendants from the complaint. *Id.* at ¶ 1. The government then filed a motion to dismiss claims against the individual defendants for lack of jurisdiction on the same day as its answer. Doc. 10. Therein it stated:

In the instant case, there is no dispute that at all times relevant to the Complaint, DEPARTMENT OF THE ARMY and BAYNE-JONES ARMY COMMUNITY HOSPITAL were federal government agencies and BROOKE COX and DAVID LEE BECK [*sic*] were federal employees acting within the course and scope of their employment with the Department of the Army.

Doc. 10, att. 1, p. 3.

Three weeks later, plaintiffs moved to voluntarily dismiss their claims against the individual defendants without prejudice. Doc. 13. There they noted the government's representations, *supra*, that Dr. Beck and Ms. Cox were federal employees acting in the course and scope of their employment. *Id.* at ¶ 2. They also stated that, "out of an abundance

of caution," they had requested a stipulation to this effect from the government and the government had agreed to file same. *Id.* at ¶¶ 4–5.

No such stipulation was filed but the court granted the plaintiffs' motion the following week, on January 17, 2024. Doc. 14. Since that time, the matter has been tied up with discovery disputes relating to plaintiffs' negligent credentialing claim and the government's efforts to dismiss same. *See* docs. 25, 31, 35, 45, 48. In the meantime, plaintiffs moved to amend their complaint with the government's consent and added additional allegations in support of the negligent credentialing claim. Doc. 24. The motion was granted and the amended complaint filed on March 31, 2025. Docs. 43, 44. Therein plaintiffs also alleged:

3.

> In the Original Complaint, Petitioners named The Department of the United States Army, Bayne Jones Army Community Hospital, Brooke Cox, and Dr. Daniel Lee Beck as individual defendants, in addition to the United States of America.

4.

> Thereafter, a stipulation was reached with the defendant, the United States of America, wherein it admitted that the Department of the Army and Bayne Jones Army Community Hospital are federal government agencies, and that Brooke Cox and Dr. Daniel Lee Beck were federal employees acting within the course and scope of their employment with the Department of the Army. Accordingly, the United States of America is the proper party defendant.

Doc. 44, ¶¶ The government then filed an answer to the amended complaint on April 17, 2025. Doc. 47. This time, it stated:

> The United States admits that in response to Plaintiff's Original Complaint, the United States of America admitted that Brooke Cox and Dr. Daniel Lee Beck were federal employees acting within the course and scope

of their employment with the Department of the Army. Upon additional information becoming known to the United States since its Original Answer, the Untied States of America admits that Brooke Cox and Dr. Daniel Lee Beck were federal employees but lacks sufficient information at this time to either admit or deny whether they were acting within the course and scope of their employment with the Department of the Army. The United States therefore denies the allegation that the United States of America is the only proper party defendant, as set forth in paragraph 5.

*Id.* at ¶ 4. The government further reiterated at Paragraphs 6 and 20 that it lacked sufficient information to either admit or deny whether Ms. Cox and Dr. Beck were acting in the course and scope of their employment. *Id.* at ¶¶ 6, 20; *see* doc. 44, ¶ 20.

Plaintiffs maintain that the United States judicially admitted through its prior answer and Motion to Dismiss that Ms. Cox and Dr. Beck were acting in the course and scope of their employment, and that withdrawal of this admission would be highly prejudicial to plaintiffs. Doc. 62. Accordingly, they move to strike the denials in Paragraphs 4, 6, and 20 of the government's answer to the First Amended Complaint and deem the government's prior statements conceding that Ms. Cox and Dr. Beck were acting in the course and scope of their federal employment admitted. *Id.* The government opposes the motion.

## II.
## LAW & APPLICATION

"A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them. Although a judicial admission is not itself evidence, it has the effect of withdrawing a **fact** from contention."[1] *Martinez v.*

---

[1] The government asserts that their answer "was not a statement made in a judicial proceeding" and thus cannot qualify as a judicial admission. Doc. 67, att. 1, p. 3. But the Fifth Circuit has made clear that "factual assertions in pleadings are judicial admissions." *Morales v. Dep't of Army*, 947 F.2d 766, 769 (5th Cir. 1991). Under the Federal Rules of Civil Procedure, an answer to a complaint qualifies as a pleading. *See* Fed. R. Civ. P. 7(a) ("Only these pleadings are allowed: (1) a complaint; (2) an answer to a complaint . . . .").

*Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001) (emphasis added). Such admissions, therefore, "typically concern only matters of fact." *Blankenship v. Buenger*, 653 F. App'x 330, 335 & n. 15 (5th Cir. 2016) (quoting *MacDonald v. Gen. Motors Corp.*, 110 F.3d 337, 341 (6th Cir. 1997)). Thus, they "do not include legal theories or conclusions." *Kiln Underwriting Ltd. v. Jesuit High School of New Orleans*, 2008 WL 3365520, at *5 n. 2 (E.D. La. Aug. 8, 2008) (citing *MacDonald*, 110 F.3d at 340). "[A] statement of whether an employee's conduct was within the scope of his or her employment is a legal conclusion, not a factual assertion." *Id.* (citing *Counts v. Guevara*, 328 F.3d 212, 214 (5th Cir. 2003)). The government did not offer any underlying factual admissions concerning Ms. Cox or Dr. Beck's activities, but only bare legal conclusions. The government's initial concessions that Ms. Cox and Dr. Beck were acting in the course and scope of their employment are therefore not binding as judicial admissions. *Accord Kleppinger*, 2011 WL 7071096 at *4.

An amended complaint replaces the original and renders it of no legal effect. *E.g.*, *Lucente v. IBM Corp.*, 310 F.3d 243, 260 (2d Cir. 2002). Accordingly, "a court may not deprive an affected party of the right to file a response to an amended pleading if the party so desires." *Id.* (quoting 2 James Wm. Moore et al., *Moore's Federal Practice* § 15.17[5] (3d ed. 2002)). Nevertheless, as plaintiffs note, defendants "do not have an unfettered right to alter their Answer" in response to an amendment of the original pleadings. *McGinley v. Luv n' Care, Ltd.*, 2023 WL 3733896, at *8 (W.D. La. May 30, 2023) (DOUGHTY, C.J.). On the similar question of asserting new counterclaims, courts have taken a variety of approaches:

> Some district courts have held . . . that once a plaintiff amends a complaint, the defendant always has a right to assert new counterclaims, regardless of the scope of the amendment. *See, e.g.*, *Mun. Revenue Servs., Inc. v. Xspand, Inc.*, No. 05–671, 2006 WL 91358, at *2 (M.D. Pa. Jan. 12, 2006); *E.I. DuPont De Nemours & Co. v. Millennium Chems., Inc.*, No. 97–237, 1999 WL 615164, at *4 (D. Del. 1999); *Am. Home Prods. Corp. v. Johnson & Johnson,* 111 F.R.D. 448, 453 (S.D.N.Y. 1986). Other district courts have held that a counterclaim must be confined specifically to responses that are related to changes in the amended complaint. *See, e.g.*, *Nolan v. City of Yonkers*, No. 92–6067, 1996 WL 120685, at *4 (S.D.N.Y. Mar. 19, 1996). A more moderate view allows a party to file an amended counter-response without leave "only when the amended complaint changes the theory or scope of the case, and then, the breadth of the changes in the amended response must reflect the breadth of the changes in the amended complaint." *Elite Entm't, Inc. v. Khela Bros. Entm't*, 227 F.R.D. 444, 446 (E.D.Va. 2005).

*Panoceanis Mar., Inc. v. M/V EULA B. DEVALL*, 2013 WL 264616, at *2 (E.D. La. Jan. 23, 2013) (Feldman, J.). Both Judge Feldman in *Panoceanis* and Chief Judge Doughty in *McGinley* endorsed the moderate approach, as have several other district courts. *Entergy Gulf States La., LLC v. La. Generating, LLC*, 2021 WL 1216514, at *2 (M.D. La. Mar. 1, 2021) (DICK, C.J.); *see also Cieutat v. HPCSP Investments, LLC*, 2020 WL 4004806, at *4 & n. 9 (S.D. Ala. July 15, 2020) (collecting cases and noting that the moderate approach is now the majority view). Chief Judge Doughty also expanded it to exclude newly asserted defenses that went beyond the "breadth of the changes in the amended complaint," noting that "[t]he requirements to justify any new defenses or counterclaims in a long-pending matter are especially stringent" and that a more permissive approach would "deprive the Court of its ability to effectively manage the litigation." *McGinley*, 2023 WL 3733896 at *2–*3 (internal quotations omitted).

This court will follow suit. Both the original and amended complaint reflected plaintiffs' position that the individual defendants "were acting within the course and scope

of their employment" at BJACH/with the Department of the Army. Doc. 1, ¶ 17; doc. 44, ¶ 4. Thus, no change to the responsive pleadings was warranted in this regard. Further, the government has shown no nexus between (1) the plaintiffs' additional allegations supporting their negligent credentialing claim and (2) the government's new position, two years after the suit was filed, that a midwife and doctor who were admittedly federal employees working at an Army hospital were acting outside the course and scope of their employment during the management of an obstetric patient's labor and delivery. Accordingly, the answer was improperly amended and the offending paragraphs will be stricken. Should the government wish to withdraw its original concessions regarding course and scope, it must do so with leave of court or consent of plaintiffs under Federal Rule of Civil Procedure 15.

# III.
## CONCLUSION

For the reasons stated above, the Motion to Strike [doc. 62] is hereby **GRANTED** and Paragraphs 4, 6, and 20 of the government's Answer to the First Amended Complaint [doc. 47] are **STRICKEN.** The Motion to Deem Admitted [doc. 62] is **DENIED** because legal conclusions are not properly the subject of a judicial admission, but the government is directed to file an amended Answer within **seven** days of this ruling removing the offending paragraphs and reinstating its original responses regarding course and scope, which will remain operative until it is otherwise permitted to amend.

**THUS DONE AND SIGNED** in Chambers on the 21st day of July, 2025.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**